## CHARLES R. FOOTE *vs.* PHEBE M. FOOTE.

If a jury in a libel for divorce for adultery have returned into court without agreeing on a verdict, after deliberating for two hours, the refusal of the judge to instruct them that if they should return into court a second time without having agreed on a verdict they could not be sent out again without their own consent unless they should request some further explanation of the law, furnishes no ground of exception.

LIBEL for divorce for adultery. The cause was tried before *Gray*, J., by a jury, who, after deliberating for two hours, returned into court for the first time, and stated that they were unable to agree upon a verdict; and, being asked by the court whether they wished instructions in matter of law, said they did not; and received further instructions from the court, to which no exception was taken. The libellee requested the court further to instruct the jury that, if they should return into court a second time without having agreed on a verdict, they could

not be sent out again without their own consent, unless they should request some further explanation of the law. The court refused so to instruct them, and sent them out for further deliberation. The jury, upon returning into court the second time, brought in a verdict for the libellant. The libellee alleged exceptions.

*G. Sennott,* for the libellee, cited Gen. Sts. *c.* 132, § 34, which provides that " when a jury, after due and thorough deliberation upon any cause, shall return into court without having agreed on a verdict, the court may state anew the evidence or any part of it, and explain to them anew the law applicable to the case, and may send them out for further deliberation; but, if they shall return a second time without having agreed on a verdict, they shall not be sent out again without their own consent, unless they shall ask from the court some further explanation of the law."

*H. C. Hutchins,* for the libellant, submitted the case without argument.

By the Court. The request for instruction made by the libellee was rightly refused. It did not relate to any matter involved in the issue before the jury, or in regard to which the libellee could properly ask for instructions. Nor was it material that the jury should be informed concerning the course to be pursued in the event that they again returned into court without being able to agree on a verdict. We can see no foundation for the suggestion that the libellee's case may have been prejudiced by the refusal of the court to give irrelevant and immaterial instructions.                         *Exceptions overruled.*